JS - 6

STAYED/ "O"

# UNITED  STATES  DISTRICT  COURT

## FOR  THE  CENTRAL  DISTRICT  OF  CALIFORNIA

| | | |
|---|---|---|
| KASEY CARLILE, | ) | CASE NO. SACV 08-0887 AG (RNBx) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION |
| | ) | |
| RUSS BERRIE AND COMPANY, INC., a corporation, and DOES 1 through 100, inclusive, | ) | |
| Defendants. | ) | |

Before the Court is a Motion to Compel Arbitration ("Motion") filed by Defendant Russ Berrie and Company, Inc. ("Defendant"). After considering all papers and arguments submitted, the Court GRANTS Defendant's Motion.

## BACKGROUND

Plaintiff Kasey Carlile ("Plaintiff") was employed by Defendant Russ Berrie and Company in various capacities for approximately twelve years, from 1993 to 2005. (Complaint ¶ 6.) Plaintiff alleges that in 2004, Defendant announced a new bonus structure that would allow certain employees, including Plaintiff, to "earn bonuses based on the growth of their area or accounts." (*Id.* at ¶ 14.) In late September 2005, however, Plaintiff alleges that she and other

employees were informed that the bonus program had "changed."  (*Id.* at ¶ 18.)  Shortly

thereafter, Plaintiff alleges that she sent a letter in protest to one of her direct managers.  (*Id.*)

Plaintiff then alleges that her letter "was not well received" and that Plaintiff was terminated a

month later as "unlawful retaliation for her protesting the bonus plan."  (*Id.*)

Based on these facts, Plaintiff states several claims against Defendant, including: (1)

wrongful termination in violation of public policy; (2) failure to reimburse business expenses;

(3) retaliation; (4) breach of contract; (5) breach of the covenant of good faith and fair dealing;

and (6) intentional infliction of emotional distress.

Defendant now moves to compel arbitration of Plaintiff's claims, asserting that during

each year of her employment, and most recently on January 5, 2005, Plaintiff entered into an

Associate Agreement Regarding Employment and Post-Employment ("Employment

Agreement") with Defendant containing the following mutual arbitration provision:

> Any existing or future dispute . . . including all statutory, administrative,
> or other claims arising out of your employment or the termination of your
> employment . . . shall be resolved by final and binding arbitration between
> you and the Company in accordance with the Employment Dispute
> Resolution Rules of the American Arbitration Association . . .

(Motion 2:3-11; Declaration of Linda Mulligan In Support of Motion to Compel Arbitration

("Mulligan Dec.") Ex. B.)  Defendant argues that this arbitration clause should be enforced, as it

constitutes a valid agreement to arbitrate and covers the dispute at issue.  Plaintiff does not

dispute the existence of the arbitration provision, but claims that it should not be enforced

because: (1) Plaintiff did not intend to arbitrate her claims; (2) the arbitration clause is

unenforceable as to Plaintiff's claims for retaliation and violation of public policy; (3) the

arbitration clause is unconscionable; (4) public policy supports denial of Defendant's Motion;

and (5) any ambiguity in the agreement should be resolved against Defendant.

**LEGAL STANDARD**

Section 2 of the Federal Arbitration Act ("FAA") "embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts." *Buckeye Check Cashing, Inc. v. Cardegna*, 126 S. Ct. 1204, 1207 ( 2006).  The FAA "leaves no place for the exercise of discretion by the district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 475 (9th Cir. 1991). "With the enactment of the FAA, Congress precluded states from singling out arbitration provisions for suspect status, requiring instead that such provisions be placed upon the same footing as other contracts." *Ting v. AT&T*, 319 F. 3d 1126, 1147 (9th Cir. 2003) (citing *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)).  Under the FAA, the Court's role is "limited to determining (1) whether a valid arbitration agreement exists, and if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

The FAA states that a court can declare an arbitration agreement invalid "upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Federal courts apply the appropriate state's laws to determine whether a contract can be revoked on grounds of unconscionability.  *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002).  When a court has determined that the action is referable to arbitration under a valid agreement, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."  9 U.S.C. § 3.

**DISCUSSION**

Under *Chiron*, the court must determine, first, if the arbitration clause is valid, and

1  second, if the dispute falls within the scope of the arbitration clause.  Because the parties appear

2  to agree that their dispute falls within the broad scope of the arbitration clause, the Court

3  determines only whether the arbitration agreement contained in the parties' Employment

4  Agreement is valid and enforceable.  Neither party disputes the existence of the arbitration

5  clause or the fact that it was signed by both parties.  Plaintiff argues, however, that the

6  agreement should not be enforced for several reasons.  The Court addresses each argument in

7  turn.

8  First, Plaintiff argues that the arbitration clause should not be enforced because she

9  "never had any intention of arbitrating her claims."  (Plaintiff's Opposition to Motion to Compel

10  Arbitration ("Opposition") 6:19.)  This argument is ineffective.  As Defendant points out,

11  Plaintiff signed the Employment Agreement and is bound by its terms even if she was unaware

12  of the scope or existence of the arbitration agreement.  A plaintiff is "bound by the provisions of

13  [a signed] arbitration agreement regardless of whether she read it or was aware of the arbitration

14  clause when she signed the document."  *Brookwood v. Bank of America*, 45 Cal.App.4th 1667,

15  1674 (1996) (internal citation omitted); *see also Circuit City v. Ahmed*, 283 F.3d 1198, 1200 (9th

16  Cir. 2002) (internal citation omitted) ("the general rule is that 'one who signs a contract is bound

17  by its provisions and cannot complain of unfamiliarity with the language of the instrument'").

18  Thus, Plaintiff is bound by the arbitration even if, as she alleges, she did not consider "the legal

19  consequences of signing it," is "ignoran[t] of the arbitral nature of the proceedings," or did not

20  have the language explained to her.  *See Operating Engineers Pension Trust v. Gilliam*, 737 F.2d

21  1501, 1504 (9th Cir. 1984) (no consideration of legal consequences); *Federico v. Frick*, 3

22  Cal.App.3d 872, 875 (1970) (ignorance of arbitral nature of proceedings); *Brookwood*, 45

23  Cal.App.4th at 1674.

24  Plaintiff's next argument is that the agreement is unenforceable as to her claims for

25  retaliation and violation of public policy under *Armendariz v. Foundation Health Psychcare*

26  *Services, Inc.*, 24 Cal. 4th 83 (2000).  In *Armendariz*, 24 Cal. 4th at 90-91, the California Supreme

27  Court held that Fair Housing and Employment Act ("FEHA") claims are "arbitrable if the

28

4

arbitration permits an employee to vindicate his or her statutory rights." The court found that an employee's statutory rights under FEHA are vindicated through arbitration where the arbitration agreement expressly or impliedly provides for five requirements:

> (1) a neutral arbitrator, (2) more than minimal discovery, (3) a written award, (4) all of the types of relief that would otherwise be available in court, and (5) no requirement that employees pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum.

*Id.* at 102-03. Plaintiff argues only that the fifth condition is unsatisfied. The Employment Agreement expressly provides that arbitration between the parties will be resolved through the American Arbitration Association ("AAA"), through its Employment Dispute Rules. (Mulligan Dec. Ex. B.) Under these rules, most costs of arbitration for disputes arising out of an "employer-promulgated" plan are allocated to the employer, and the employer is responsible for paying the arbitrator's fees. Plaintiff argues that because the arbitrator must first make a gateway determination that the arbitration agreement is "employer-promulgated" before assigning the bulk of costs and fees to Defendant, there is a chance that she will be forced to pay arbitrators' fees and thus fail to meet the requirements of *Armendariz*. The Court disagrees. As Defendant acknowledges, the arbitration agreement at issue is clearly an "employer-promulgated" plan. Neither party disputes that the agreement was "created, drafted, and promulgated" by Defendant. (Defendant's Reply in Support of Motion to Compel Arbitration ("Reply") 8:8.) Under AAA rules, Defendant will be required to pay the arbitrator's fees and the bulk of the costs of arbitration. The *Armendariz* requirements are thus satisfied.

Next, Plaintiff argues that the arbitration agreement is procedurally and substantively unconscionable. Again, the Court disagrees. Plaintiff claims that the agreement is procedurally unconscionable because it was provided to her on a "take it or leave it" basis, and she had no

meaningful opportunity to negotiate its terms.  (Opposition 8:26-28.)  But as Defendants point out, California courts have held that it is acceptable to require employees to execute pre-dispute arbitration agreements covering employment-related claims as a condition of employment.  *See, e.g.*, *Lagatree v. Luce, Forward, Hamilton & Scripps LLP*, 74 Cal.App.4th 1105, 1122-28 (1999).  Plaintiff also claims the agreement is procedurally unconscionable because the arbitration terms are "buried on a multi-page document in the same typeface as the other provisions."  (Opposition 9:4-8.)  After examining the Employment Agreement, this Court is satisfied that there is no unconscionable element of surprise present.  The Employment Agreement itself is in fact only three pages long, and the arbitration clause is by no means "buried" within it.  Plaintiff also argues that the agreement is substantively unconscionable because of a provision suggesting that Defendant may "make unilateral changes to any aspect of the agreement."  (Opposition 3:24-25.)  This provision, however, requires *notice* to the Plaintiff before Defendant may "change, interpret, discontinue, or modify" any aspect of the agreement. (Mulligan Dec. Ex. B.)  More importantly, Plaintiff fails to show that this provision renders the arbitration agreement unconscionable and unenforceable.

Finally, Plaintiff argues that Defendant's Motion should be denied for public policy reasons and because any ambiguity in the agreement should be resolved against Defendant.  The Court is not convinced by these arguments.  Compelling the parties to arbitrate their employment dispute, as they agreed to do, does not threaten California's public policy against illegal wage conditions, as Plaintiff asserts.  Further, the Court finds that the arbitration agreement between the parties is clear and straightforward, and there are no ambiguities to be resolved in either party's favor.

The Court is satisfied that the arbitration agreement between Plaintiff and Defendant is valid and covers the employment dispute at issue.  Defendant's Motion is thus GRANTED, and this action is stayed pending the conclusion of the arbitration.

1

2 **<u>DISPOSITION</u>**

3

4        Because the arbitration clause contained in the parties' Employment Agreement is valid

5 and enforceable, Defendant's Motion to Compel Arbitration is GRANTED.  Pursuant to 9

6 U.S.C. § 3, this case is stayed pending the conclusion of the arbitration.

7

8 IT IS SO ORDERED.

9 DATED: October 6, 2008

10

11                                                    _____

12                                                            Andrew J. Guilford
                                                     United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28